# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **TEYONIA BYRD**<br><br>**Plaintiff,**<br>v.<br><br>**FAT CITY CONDOMINIUM OWNERS ASSOCIATION, INC.**<br><br>**Defendant.** | Civil Action No: 3:22-CV-00249<br><br>**<u>FAT CITY CONDOMINIUM OWNERS ASSOCIATION'S MOTION TO DISMISS, ANSWER TO COMPLAINT AND COUNTERCLAIM</u>** |

## <u>MOTION TO DISMISS</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss all claims alleged for failure to state a claim upon which relief can be granted.

## <u>NATURE OF THE CASE</u>

Defendant admits that the case is brought pursuant to 42 U.S.C. §1981 but denies that the claim is viable against this Defendant or that the court has jurisdiction.

## <u>PARTIES AND JURISDICTION</u>

1. Admitted, upon information and belief.
2. Admitted, upon information and belief.
3. Admitted.
4. Denied.
5. Denied.
6. Denied.

## <u>FACTUAL ALLEGATIONS</u>

7. The foregoing responses are realleged as if set forth herein.

8. Denied.

9. It is admitted that Plaintiff purchased a Unit at Fat City. Unless specifically admitted herein, the allegations of Paragraph 9 are denied.

10. Admitted.

11. It is admitted that all owners in Fat City are bound by the Declaration of Condominium, recorded on February 1, 2013, in Book 28038 at Page 267 of the Mecklenburg County Public Registry. Unless specifically admitted herein, the allegations of Paragraph 11 are denied.

12. It is admitted that Plaintiff Byrd became a member of the Association when she purchased her Unit. Unless specifically admitted herein, the allegations of Paragraph 12 are denied.

13. It is admitted that Plaintiff was elected to the Board of Directors. Unless specifically admitted herein, the allegations of Paragraph 13 are denied.

14. Denied.

15. With regard to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendants is without sufficient information to form a belief as to the truth of the allegations regarding any 'traumatic experience' as alleged in Paragraph 15 and therefore denies the same. Unless specifically admitted herein, the allegations of Paragraph 15 are denied.

16. Denied upon information and belief.

17. Denied.

18. Denied.

19. Defendant denies that the security cameras were not working. As to the remaining allegations, Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20. Defendant denies that the security cameras were not working. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21. Defendant denies that the security cameras were not working. Unless specifically admitted herein, the allegations of Paragraph 21 are denied.

22. Denied.

23. It is denied that Plaintiff needed to install a camera to the extent it assumes that the security cameras were not working. It is admitted that Plaintiff installed a ring camera in direct violation of the Association's policies. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 23 and therefore denies the same.

24. It is admitted that Plaintiff reviewed the security camera footage in direct violation of the Association's policies. Unless specifically admitted herein, the allegations of Paragraph 24 are denied.

25. Defendant denies any failure on behalf of Defendant as alleged. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies the same.

26. It is admitted that the Declaration of Condominium, recorded on February 1, 2013, in Book 28038 at Page 267 of the Mecklenburg County Public Registry prohibit modifications of limited common elements without ARC approval in Article VII, Section

1. It is also admitted that (a) Article 1, Section 19 gives the Board of Directors absolute authority to establish rules and regulations governing the use of the Common Elements; (b) Article IV, Section 3(a) states that every Owner has the right and easement of enjoyment of the Common elements and that the Board of Directors has the right to adopt rules and regulations as may be needed to regulate the use and enjoyment of the Common Elements; (c) Article VIII, Section 2 states that the Common Elements shall not be used for any noxious or offensive uses, which includes a use that would constitute a nuisance; and (d) Article VIII, Section 13 prohibits a disturbance that shall unreasonably disturb other owners. Unless specifically admitted herein, the allegations of Paragraph 26 are denied.

27. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed such modifications in violation of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the Association. Unless specifically admitted herein, the allegations of Paragraph 27 are denied.

28. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed such modifications in violation of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the Association. Unless specifically admitted herein, the allegations of Paragraph 28 are denied.

29. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same. Further, Defendant states

that if Plaintiff witnessed such modifications in violation of the Declaration Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the Association. Unless specifically admitted herein, the allegations of Paragraph 29 are denied.

30. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed such modifications in violation of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the Association. Unless specifically admitted herein, the allegations of Paragraph 30 are denied.

31. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 31 as Defendant does not know to which modifications Plaintiff is referring and therefore denies the same. Further, Defendant states that if Plaintiff witnessed such modifications in violation of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the Association. Unless specifically admitted herein, the allegations of Paragraph 31 are denied.

32. Denied.

33. Defendant denies that the security cameras were not working. Unless specifically admitted herein, the allegations of Paragraph 33 are denied as alleged.

34. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed alleged violations of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or a member of the

Association. Unless specifically admitted herein, the allegations of Paragraph 34 are denied.

35. Denied.

36. It is admitted that Defendant Byrd was in violation of the Declaration by installing the Ring Camera and that she was notified of the same.

37. Denied as alleged.

38. Denied.

39. It is admitted that Plaintiff was notified she would be fined $100 per day for her specified violation of the Declaration in accordance with the North Carolina Condominium Act. Unless specifically admitted herein, the allegations of Paragraph 39 are denied.

40. Denied as alleged.

41. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed violations of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or Association. Unless specifically admitted herein, the allegations of Paragraph 41 are denied.

42. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies the same. Further, Defendant states that if Plaintiff witnessed such violations of the Declaration, Plaintiff failed to report them while she was a member of the Board of Directors and/or Association. Unless specifically admitted herein, the allegations of Paragraph 42 are denied.

43. Denied.

44. It is denied that any Board Member of Defendant harassed or belittled Plaintiff. The remainder of Paragraph 44 is denied as it is vague and ambiguous. Unless specifically admitted herein, Paragraph 44 is denied.

45. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 45 which are deliberately vague, and therefore denies the same.

46. Denied.

47. Denied.

48. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies the same.

49. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies the same.

50. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies the same.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 56 and therefore denies the same.

57. Denied.

58. Denied.

59. It is denied that any Board member participated and/or has knowledge of the allegations contained in Paragraph 59. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 59 and therefore denies the same.

60. Denied

61. Denied.

## Count I
**(Violation of 42 U.S.C. §1981)**

62. The responses to Paragraphs 1 through 61 are incorporated as if fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

## Count II
**(Intentional Infliction of Emotional Distress)**

66. The responses to Paragraphs 1 through 65 are incorporated as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

## Count III
**(Breach of Fiduciary Duty)**

70. The responses to Paragraphs 1 through 69 are incorporated as if fully set forth herein.

71. Denied.

72. Denied.

## PRAYER FOR RELIEF

It is denied that Plaintiff is entitled to any of the relief sought in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The acts or omissions of other individuals or entities over whom this answering Defendant had no control, constitute an intervening, superseding cause of damages alleged to have been sustained by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from the claims in her complaint to the extent that Plaintiff failed to report any of the violations or harassment she alleges occurred while she was a member of the Board of Directors. Plaintiff was a member of the Board of Directors at all times relevant herein and during the time she alleges other violations of the Declaration existed or other harassment. Plaintiff's claims are barred by waiver, estoppel and latches.

## COUNTERCLAIM

1. Counterclaimant is a North Carolina Non-Profit Corporation with its principal place of business in Mecklenburg County.

2. Counterclaim Defendant is a resident of Mecklenburg County and an owner of a Unit in the Fat City Condominiums.

3. The Declaration of Condominium, recorded on February 1, 2013, in Book 28038 at Page 267 of the Mecklenburg County Public Registry ("Declaration") is binding on the parties.

4. Article VII, Section 1 of the Declaration prohibits modifications of limited common elements without ARC approval in Article VII, Section 1.

5. Article 1, Section 19 of the Declaration gives the Board of Directors absolute authority to establish rules and regulations governing the use of the Common Elements.

6. Article IV, Section 3(a) of the Declaration states that every Owner has the right and easement of enjoyment of the Common elements and that the Board of Directors has the right to adopt rules and regulations as may be needed to regulate the use and enjoyment of the Common Elements.

7. Article VIII, Section 2 of the Declaration states that the Common Elements shall not be used for any noxious or offensive uses, which includes a use that would constitute a nuisance.

8. Article VIII, Section 13 of the Declaration prohibits a disturbance that shall unreasonably disturb other owners. Unless specifically admitted herein, the allegations of Paragraph 26 are denied.

9. Counterclaim Defendant installed a Ring Video Camera on the exterior of her unit within the common area without receiving approval from the Counterclaim Plaintiff.

10. Counterclaim Defendant's Ring Video Camera was a violation of the Declaration.

11. Counterclaim Defendant was notified of the violation, failed to remove her Ring Video Camera and a notice of hearing was sent to Counterclaim Defendant by the Counterclaimant.

12. Pursuant to the Declaration, Counterclaimant held a hearing on April 22, 2022 to determine whether Counterclaim Defendant was in violation of the Declaration. Counterclaim Defendant attended the hearing.

13. On May 5, 2022 a Notice of Determination was sent to Counterclaim Defendant, advising her that the Ring Video Camera was in violation of several sections of the Declaration and instructing that it be removed or be subject to fines.

14. Counterclaim Defendant has failed to remove the Ring Video Camera.

15. The North Carolina Condominium Act permits the Counterclaimant to fine the Counterclaim Defendant $100 per day for violations that continue after five days of the notice of violation.

16. Counterclaim Defendant failed to remove the Ring Video Camera such that her violation continued five days after the Notice of Violation.

## COUNT ONE
## BREACH OF CONTRACT

1. Counterclaimant herein re-alleges and incorporates by reference its answers to all prior paragraphs of the Answer.

2. The Declaration is a contract under which the Counterclaim Defendant is bound.

3. The Counterclaim Defendant has failed to pay lawful fines imposed by the Counterclaimant.

4. Counterclaim Defendant's failure to make payment when due constitutes a breach of contract.

5. N.C.G.S. § 47C-4-117 permits the recovery of attorney fees and costs for failure to comply with any provision of the declaration or bylaws.

6. As a result of Counterclaim Defendant's breach of contract, the Counterclaimant Association has been damaged and is entitled to collect the actual amount of fines due and owing to the Association as well as its attorney's fees.

# COUNT TWO
# DECLARATORY JUDGMENT

7. Counterclaimant herein realleges and incorporates by reference its answers to all prior paragraphs of the Answer.

8. Counterclaimant seeks a Declaration from the Court that Fat City Condominium Owners' Association has not violated the Declaration, Bylaws or the laws of the State of North Carolina with respect to the matters set forth in the Complaint.

9. Counterclaimant seeks a Declaration from the Court that the Fat City Condominium Owners' Association has lawfully assessed fines against the Counterclaim Defendant in accordance with the North Carolina Condominium Act.

10. There is an actual dispute and controversy between the parties with regard to the rights between the parties.

11. Pursuant to N.C.G.S. 1-253, et seq., Counterclaimant is entitled to a declaratory judgment regarding the rights and status between the parties, specifically whether the Fat City Condominium Owners' Association has lawfully assessed fines against the Counterclaim Defendant and whether Fat City Condominium Owners' Association has violated the Declaration, the Bylaws or the laws of the State of North Carolina.

**WHEREFORE**, Counterclaimant prays the Court that:

1. The Plaintiff/Counterclaim Defendant have and recover nothing by virtue of the Complaint and Counter claim filed in this action;

2. The Court enter judgment against Plaintiff/Counterclaim Defendant for her Breach of Contract;

3. The Court enter judgment against Plaintiff/Counterclaim Defendant for attorney's fees spent in relation to the fines and breach of contract;

4. That the Court enter a Declaratory Judgement that the fines assessed by the Defendant against the Plaintiff are valid and enforceable;

5. That all issues of fact be tried by a jury;

6. That the Court enter a Declaratory Judgment that Defendant/Counterclaimant has not violated the Declaration, Bylaws or the laws of the State of North Carolina; and

7. That the Association have and recover of the Plaintiff/Counterclaim

Defendant such other and further relief

This the 6th day of September, 2022

| /s/Meredith L. Cushing | /s/Michelle Massingale Dressler |
|---|---|
| N.C. Bar No: 36217 | Michelle Massingale Dressler |
| Attorney for Defendant | N.C. Bar No: 29628 |
| McAngus Goudelock & Courie, PLLC | Brett E. Dressler |
| Post Office Box 30307 | N.C. Bar No: 36217 |
| Charlotte, North Carolina 28230 | Attorneys for Counterclaimant |
| (704) 643-6303 | Sellers, Ayers, Dortch and Lyons, P.A. |
| meredith.cushing@mgclaw.com | 301 South McDowell Street, Suite 410 |
| | Charlotte, North Carolina 28204 |
| | mpmdressler@sellersayers.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Bryan M. Sumner
>James E. Hairston
>Hairston Lane, PA
>434 Fayetteville Street, Suite 2350
>Raleigh, North Carolina 27601
>Attorneys for Plaintiff
>bsummer@hairstonelane.com
>jhairston@hairstonlane.com

>/s/Meredith L. Cushing
>MEREDITH L. CUSHING