UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00249-MOC-DCK

| | |
|---|---|
| **TEYWONIA BYRD**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ORDER |
| **FAT CITY CONDOMINIUM OWNERS ASSOCIATION, INC.**, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** comes before the Court on Defendant's motions for attorneys' fees. (Doc. No. 63, 68). Plaintiff opposes Defendant's motions. (Doc. No. 71). This matter is ripe for decision.

### I. Background

Plaintiff, a resident of Fat City Condominiums, sued Defendant Condo Association for racially discriminatory enforcement of certain portions of the declaration of condominium. Plaintiff's Complaint stated three causes of action: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) intentional infliction of emotional distress; and (3) breach of fiduciary duty. Defendant counterclaimed for breach of contract and sought declaratory judgment. This Court granted Defendant's motion for summary judgment against Plaintiff's emotional distress and fiduciary duty claims, leaving only Plaintiff's Section 1981 claim for trial.

The parties tried this case to a jury in June of 2024. The jury found against Plaintiff on her Section 1981 claim and for Defendant on both counterclaims. (Doc. No. 59). The Clerk of Court entered judgment in accordance with the jury's verdict, pursuant to which Plaintiff owes Defendant

1

$73,000.00 for violating the declaration of condominium. (Doc. Nos. 59, 62).

Shortly after the Clerk's entry of judgment, Defendant moved for attorneys' fees. Defendant raises two discrete fee-shifting claims. First, Defendant's counterclaim attorneys contend that Defendant is entitled to attorneys' fees related to Defendant's counterclaim. (Doc. No. 63). Second, Defendant's defense attorneys move for remuneration of fees incurred in defending Plaintiff's Section 1981 claim. (Doc. No. 68).

## II. Legal Standard

Different legal standards govern Defendant's fee-shifting motions. The Court will, therefore, analyze Defendant's motions separately.

### a. Counterclaim Counsel's Fee-Shifting Motion

Counterclaim counsel seek attorneys' fees under North Carolina law. The North Carolina Condominium Act, N.C. GEN. STAT. § 47C-3-107.1, sets forth procedures by which condo associations like Defendant can impose fines, defined as "assessments" under that legislation. The Act states that "[a]ny judgment, decree, or order in any . . . civil action relating to the collection of assessments shall include an award of costs and reasonable attorneys' fees for the prevailing party." N.C. GEN. STAT § 47C-3-116(g). The North Carolina Court of Appeals interpreted an identical provision of the North Carolina Planned Community Act, N.C. GEN. STAT. § 47F-3-116(g), as "requiring an award of attorneys' fees in 'any judgment, decree or order in any judicial foreclosure or civil action relating to the collection of assessments." In re Proposed Foreclosure of Claim of Lien Filed on George, 878 S.E.2d 836, 839 (N.C. App. 2022) (emphasis original). Section 116(g) of both acts—revised by the same House Bill—requires the Court to award attorneys' fees to the "prevailing party" in an action to collect assessments.

### b. Defense Counsel's Fee-Shifting Motion

Defense counsel seek attorneys' fees under federal law. Under 42 U.S.C. § 1988, the Court may award attorneys' fees to the prevailing party in any action brought under 42 U.S.C. § 1981. A prevailing defendant in a Section 1981 action is eligible for (but not entitled to) attorneys' fees where the plaintiff's claim was "frivolous, unreasonable, or groundless" or when "the plaintiff continued to litigate after it clearly became so." Hutchinson v. Staton, 994 F.2d 1076, 1080 (4th Cir. 1993) quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

### c. Reasonable Attorneys' Fees

If the Court finds that a fee award is justified on either of Counterclaimant-Defendant's motions, Court must ensure the award is reasonable. Courts in the Fourth Circuit use the lodestar method to assess fee awards. See Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC, 747 F. Supp. 2d 568, 590–91 (W.D.N.C. 2010); USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc., No. 1:11-CV-00244-MRDLH, 2014 WL 1230507, at *10 (W.D.N.C. Mar. 25, 2014). Under the lodestar method, the Court determines a reasonable number of hours dedicated to the matter, then multiplies by a reasonable hourly fee. Irwin Indus., 747 F. Supp. 2d at 591. Twelve factors guide courts' assessment of whether the hours expended and rates charged were reasonable. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009). The Court need not apply all 12 factors, and the most critical factor is "the degree of success obtained" by Counterclaimant-Defendant's counsel. E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990); Doe v. Chao, 435 F.3d 492, 506 (4th Cir. 2006).

The party seeking attorneys' fees—here, Defendant—bears the burden to show both that an award is statutorily authorized and that the requested fees are reasonable. Driskell v. Summit Contracting Grp., Inc., No. 3:16-CV-819-FDW-DCK, 2021 WL 3044156, at *2–3 (W.D.N.C. July

3

19, 2021).

### III. Analysis

#### a. Counterclaim Counsel's Fee-Shifting Motion

Fat City Condominiums is governed by a Declaration of Condominium ("Declaration"). (Doc. No. 29-8). Article V Section 2 of the Declaration stipulates that fees, including reasonable attorneys' fees, are enforceable as assessments. The Declaration further states that fees imposed pursuant to N.C. GEN. STAT. § 47C-3-107.1 are enforceable as assessments, echoing Section 107.1's command that "fines shall be assessments." Thus, Counterclaimant argues, Counterclaimant's attempt to recover attorneys' fees should be construed as imposition of an assessment under the North Carolina Condominium Act. The Court agrees.

Under the North Carolina Condominium Act, any "judgment . . . or civil action relating to the collection of assessments shall include an award of costs and reasonable attorneys' fees for the prevailing party." N.C. GEN. STAT. § 47C-3-116(g) (emphasis added). Counterclaimant reads this language as a mandatory fee-shifting provision favoring prevailing parties in civil actions "relating to the collection of assessments." Id. The Court, again, agrees. See In re George, 878 S.E.2d at 839 (2022) (interpreting identical language in the North Carolina Planned Community Act).

Whether the Condominium Act's mandatory fee-shifting provision applies depends on whether (1) this was an action "relating to the collection of assessments" and (2) Counterclaimant-Defendant was the "prevailing party."

First, the Court finds that this case constitutes a "civil action relating to the collection of assessments." N.C. GEN. STAT. § 47C-3-116(g). The Court's conclusion is informed by that provision's legislative history. Before its 2013 revision, the statutory language dictated that reasonable attorneys' fees be awarded "in any action brought under this section." 2013 N.C. H.B.

4

331 (emphasis added). The revised statute's subsection (g) broadened the scope of the fee-shifting provision, applying it to "any . . . civil action related to the collection of assessments." Even if Plaintiff's Section 1981 claim was not "related" to such assessments—a tenuous proposition, considering Paragraph 40 of Plaintiff's original Complaint[1]—Defendant's Counterclaim plainly relates to the collection of assessments. See (Doc. No. 8 at 11-12). Defendant introduced its counterclaim in its Answer to Plaintiff's Complaint, and vigorously litigated the Counterclaim through trial. The Court thus concludes that this matter constitutes a "civil action related to the collection of assessments" as contemplated by N.C. Gen Stat. § 47C-3-116(g).

The Court further finds that Counterclaimant-Defendant is the "prevailing party." The jury found against Plaintiff on her lone Section 1981 claim and found for Counterclaimant on breach of contract. Every issue the jury decided, it decided in Counterclaimant-Defendant's favor. The Court finds that Counterclaimant is the prevailing party, and it follows that N.C. Gen Stat. § 47C-3-116(g) mandates a reasonable fee award.

Because the Court finds that a fee award is required with respect to Defendant's Counterclaim, the Court must next assess the proposed award's reasonableness. Defendant bears the burden to show that the requested fees are reasonable. Driskell, No. 3:16-CV-819-FDW-DCK, 2021 WL 3044156, at *2–3 (W.D.N.C. July 19, 2021). In assessing Counterclaim counsel's proposed award under the lodestar method, the most important factor is "the degree of success obtained" by Counterclaim counsel. E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990); Doe v. Chao, 435 F.3d 492, 506 (4th Cir. 2006).

---

[1] "Upon information and belief, other residents in violation of the declaration, rules, regulations and or covenants, have not been subjected to such a fine for their respective violations." (Doc. No. 1 ¶ 40).

Counterclaim counsel purport to have spent just over 144 hours on this matter, for which they charged a total of $50,668.00, an average rate of just over $351.61 an hour. The Court finds that this hourly fee is reasonable. But considering the degree of success obtained in light of the time and resources expended—over $50,000 spent for a $73,000 award—the Court finds that Counterclaim counsel dedicated a greater than reasonable number of hours to this matter.[2] In the Court's estimation, Counterclaim counsel could have achieved an identical result in substantially fewer hours. The Court will, therefore, multiply counsel's hourly rate against the reasonable sum of 100 hours, and order Plaintiff to pay a total fee award of $35,161.69.

### b. Defense Counsel's Fee-Shifting Motion

Unlike Counterclaim counsel, Defense counsel do not contend that an attorneys' fee award is mandatory under governing law. Instead, Defendant relies on 42 U.S.C. § 1988, under which the Court may award attorneys' fees to a prevailing Section 1981 defendant where the plaintiff's claim was "frivolous, unreasonable, or groundless" or when "the plaintiff continued to litigate after it clearly became so." Hutchinson, 994 F.2d at 1080 (quoting Christiansburg Garment Co., 434 U.S. at 422). The Court declines to find that Plaintiff's Section 1981 claim was frivolous, unreasonable, or groundless. True, the jury found Plaintiff's evidence—which largely consisted of her own testimony—unconvincing. But Plaintiff's allegations, though thinly supported, cannot be fairly described as "unfounded." Even if Defendant could establish that Plaintiff's claim met the standard articulated in Hutchinson and Christianburg, the Court would in its discretion deny Defendant's fee-shifting motion. The traditional justifications for a fee award—compensation and

---

[2] By way of example, the Court notes that Counterclaim counsel spent 13.5 hours drafting and revising one section of their summary judgment reply brief totaling less than 2,000 words. See (Doc. No. 65-1 at 6); (Doc. No. 38 at 12-19).

6

deterrence—are satisfied by the jury's Counterclaim verdict and the Court's mandatory fee award pursuant thereto. Defense counsel's motion for attorneys' fees will be denied.

### c. Local Rule 7.1(b)'s Consultation Requirement

Plaintiff contends that Defendant's fee-shifting motions should be summarily denied for violating Rule 7.1(b) of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. According to that Rule, "[c]ivil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel. A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied." Plaintiff fails to offer any cases where a Court has summarily denied a fee-shifting motion for the movant's failure to comply with Rule 7.1(b).

The Court will not summarily deny Defendant's motions for failure to comply with Rule 7.1(b). First, the Court finds that conference was likely unnecessary on these facts: Defense counsel announced their intent to seek attorneys' fees in open court, so Plaintiff cannot claim that the fee-shifting motions took her by surprise. Second, the Court accepts Defendant's contention that any attempt at conference would have been futile. Since the jury rendered its verdict, Plaintiff has posted several videos on social media calling Defendant racist and stating that Plaintiff will not "settle." See (Doc. No. 73). From this evidence, the Court infers that Rule 7.1(b) consultation would have been useless here.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion for attorneys' fees as it pertains to Defendant's counterclaim and deny Defendant's motion for attorneys' fees as it pertains to Plaintiff's Section 1981 claim. The Court will order Plaintiff to pay to Defendant a total fee

7

award of $35,161.69.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for attorneys' fees with respect to Defendant's counterclaim (Doc. No. 63) is **GRANTED**. Defendant's motion for attorneys' fees with respect to Plaintiff's Section 1981 claim (Doc. No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff pay to Defendant a total attorneys' fee award of $35,161.69.

**SO ORDERED.**

Signed: August 22, 2024

*Max O. Cogburn Jr.*
United States District Judge